IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 1:15-cr-124 (TSE) |
| v. ) | |
| ) | Hearing: July 7, 2017 |
| MUNEEB AKHTER ) | |
|     Defendant. ) | |

### DEFENDANT'S POSITION WITH RESPECT TO SUPERVISED RELEASE VIOLATION

COMES NOW the Defendant, Muneeb Akhter, by counsel, and hereby submits his Position with Respect to Supervised Release Violation Hearing.

The Defendant's alleged violations are (1) his failure to comply with the requirements of the computer monitoring program as directed by the probation office; (2) his failure to be truthful; (3) his failure to report as directed; (4) his failure to report employment; and (5) his failure to abide by local, state, and federal laws. The Defendant admits that he is in violation of his terms of probation based on his failure to comply with the requirements of the computer monitoring program and his failure to be truthful to the Probation Officer. For the reasons set forth below, Defendant respectfully requests that the Court consider a downward departure and sentence the Defendant within the range of 6 to 12 months, rather than the guideline range of 12-18 months. Such a sentence would adequately punish Defendant for his violations.

**I.**  **Background**

On June 26, 2015, Defendant pled guilty to Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349, Conspiracy to Access a Protected Computer without Authorization in violation of 18 U.S.C. § 371, Access of a protected Computer without Authorization in violation of 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i), Conspiracy to Access a Government Computer without Authorization in violation of 18 U.S.C. § 371, False

1

Statements in violation of 18 U.S.C. § 1001(a)(2), and Obstruction of Due Administration of Justice in violation of 18 U.S.C. § 1503 and § 3147(I).

On October 2, 2015, Defendant was sentenced to 39 months of incarceration followed by 3 years of supervised release with several special conditions.

On December 27, 2016, Defendant was released from the U.S. Bureau of Prisons and supervision commenced.

## II. Current Alleged Violations

Regarding the first and second alleged violations, on February 2, 2017, during a home visit, Ms. Erding observed a box of cell phones in Defendant's bedroom and explained to Defendant and his mother that he couldn't have possession or access to any device with internet capabilities without the installment of monitoring software. Defendant's mother agreed to take possession of the unmonitored cell phones.

On May 31, 2017, Ms. Erding conducted another home visit to Defendant's residence and found that Defendant continued to have access to the aforementioned box of cell phones. Ms. Erding also found a desktop computer located in the residence which Defendant alleged was password protected, when it was in fact not password protected. When asked who the primary user was of this computer, Defendant said his grandmother. When Ms. Erding asked his grandmother the computer's password, she indicated she did not know how to change the password. Ms. Erding became suspicious and told Defendant that he misled her by saying that he had access to an unmonitored computer which he claimed was password protected. Then, Ms. Erding conducted an in-depth review of Defendant's computer activity. Her investigation revealed that Defendant was operating a virtual operating system on his monitored computer and accessed an unmonitored device. The Defendant admits that he accessed an unmonitored electronic device and that he was not truthful with the Probation Officer.

Regarding the third allegation, on May 31, 2017 Defendant was directed to contact Ms. Erding on June 1, 2017 via telephone, to schedule an appointment to discuss a plan pursuant to his access to additional electronic devices. Although the Defendant did not call her on June 1, 2017, he was in contact with the Probation Officer on May 31 asking when she wanted him to meet her and also informing her of a potential job opportunity. See Exhibit 1.

Regarding the fourth allegation, at the commencement of his supervision, Ms. Erding advised Defendant that no self-employment involving IT/Cyber Security was permitted. However, a review of Defendant's online activity revealed that he was working on a company called "Mimic Security", for which Defendant alleged he is the CEO, although the company was never registered to do business. However, the Defendant informed the Probation Officer of his endeavor and she replied that he would need to seek clarification from the Court.

Regarding the fifth allegation, a review of Defendant's computer activity revealed purchases activity that was not monitored. The defendant admits this violation as well.

Finally, based on the amended petition issued July 5, 2017, the Defendant admits that he contacted the co-defendant in this matter, however, denies that an intranet system was created.

Based on the foregoing admissions, Defendant submits that he is in violation of his terms of probation and hereby waives his right to a hearing on these violations, as permitted by Fed. R. Crim. P. 32.1(b)(2).

### III.   Sentencing Argument

The guidelines range for this violation provides a period of incarceration of 12 to 18 months. This is the Defendant's first violation on probation and, as stated, he accepts responsibility for his conduct. The Defendant graduated from George Mason University at

the age of 18. He is intelligent and educated, however, his impulsive (addictive) use of the internet diminishes his ability to understand the consequences for his actions. Since his arrest, the Defendant has been forthcoming about his conduct, he is not requiring the government to present any evidence to find him in violation, and he is remorseful for the negative impact it has caused on the community and his family. He acknowledges that he has an issue with the use of the computers.

## IV.  Conclusion

Accordingly, Defendant requests that the Court impose a period of incarceration of 6 to 12 months, and restrict all use of the electronic devices without the express consent of the Probation Officer.

Respectfully submitted,
MUNEEB AKHTER
By Counsel

_____/s/_____
Nader Hasan, Virginia State Bar 44889
10603 Judicial Drive
Fairfax, VA 22030
703-865-5590 (telephone)
703-865-5597 (facsimile)
nhasan@naderhasan.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2017, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Colleen E. Garcia
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
703-299-3700 (telephone)
colleen.e.garcia@usa.doj.gov

_____/s/_____
Nader Hasan

4