IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>) Criminal No. 1:15-CR-124<br>v. )<br>) The Honorable T.S. Ellis, III<br>SOHAIB AKHTER, )<br>) Hearing Date:  June 22, 2018<br>Defendant. ) | |

**GOVERNMENT'S POSITION ON DEFENDANT'S**
**SUPERVISED RELEASE VIOLATIONS**

The United States of America, pursuant to 18 U.S.C. § 3583 and Rule 32.1 of the Federal Rules of Criminal Procedure, submits this memorandum regarding the supervised release violations of the defendant, Sohaib Akhter.  As set forth in the Probation Officer's May 21, 2018 petition, over the past eight months Defendant has violated the terms of his supervision by repeatedly failing to comply with the requirements of the computer monitoring program as administered by the probation office, and repeatedly failing to follow the directives of the probation office.  For the reasons discussed below, the government requests the Court revoke supervised release and require the defendant to serve two weeks of incarceration—and to be remanded to the custody of the U.S. Marshals immediately—and thereafter continue with the same terms and conditions of supervised release with one additional condition, that the defendant be required to attend mental health counseling at the direction of the Probation Office.

**BACKGROUND**

I.   **UNDERLYING OFFENSE AND SENTENCE**

On June 26, 2015, Defendant pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, conspiracy to access a protected computer without authorization, in violation of 18 U.S.C. § 371, and conspiracy to access a government computer without authorization, in violation of 18 U.S.C. § 371. Dkt. No. 50. Defendant and his co-conspirator, Defendant's brother, stole credit card information from customers of an online retailer. Defendant and his co-conspirators then used the stolen information to make purchases from a multitude of vendors located around the United States and abroad. *See* Statement of Facts ¶¶ 2-3 (June 26, 2015) (Dkt. No. 52).

In addition, Defendant worked as a contractor at the U.S. Department of State. *Id.* ¶ 31. Defendant used his position as a contractor at the Department to search for, and access and ultimately copy, sensitive passport information belonging to coworkers, acquaintances, a former employer, and federal agents investigating Defendant. *Id.* ¶ 32. Defendant also surreptitiously installed malicious programs onto Department computer systems in order to allow Defendant to access passport applications and unilaterally approve visa applications without Department authorization. *Id.* ¶¶ 43-45. Additionally, Defendant led the conspiracy to install a physical device in a Department facility to enable Defendant and his co-conspirators to collect data from Department computers and transmit it wirelessly to computers controlled by Defendant and his co-conspirators. *Id.* ¶¶ 46-48.

On October 2, 2015, the Court sentenced Defendant to 24 months imprisonment followed by 3 years of supervised release with special conditions, and ordered Defendant to pay

$31,375.55 in restitution.  Dkt. No. 80.  On October 10, 2017, Defendant was released from the Bureau of Prisons at which time his supervised release commenced.

## II.     VIOLATIONS OF SUPERVISED RELEASE AND RELATED CONDUCT

Defendant's supervised release began on October 11, 2017.  On that date, Defendant met with the Probation Officer to review his conditions of supervised release.  At that time, as well as on October 16, 2017, Defendant was informed he was prohibited from possession or accessing a computer device with internet capabilities absent of approved monitoring software.  Nevertheless, Defendant used his cell phone prior to the installation of computer monitoring software.

On November 1, 2017, Defendant was directed not to install software or applications on his devices without prior approval from the Probation Office.  Defendant was further directed to install only one program at a time after obtaining approval from the Probation Office.  On April 16, 2018, however, the monitoring software company informed the Probation Office that Defendant had installed several software programs and applications on his devices without notifying or receiving approval from the Probation Office.  Additionally, on April 20, 2018, the Probation Office was notified of a new program installed after the installation took place rather than before, as the Probation Office had previously instructed the Defendant.

On December 18, 2017, during a scheduled home visit, the Probation Office noticed an unmonitored gaming device that could act as a computer device.  The Probation Office directed Defendant to have his grandmother take possession of the device, and discussed other, similar prohibited gaming devices with Defendant.

On February 7, 2018, and February 22, 2018, the Probation Office reviewed Defendant's monitoring conditions with him in an effort to ensure Defendant understood what was expected

from him. The Probation Office provided a written set of specific instructions for Defendant to follow to mitigate further monitoring issues, and Defendant signed these instructions indicating he had reviewed the document.

On February 12, 2018, the monitoring software company instructed Defendant to use only Chrome to access the internet as it was believed other browsers were impacting the monitoring software. On February 28, 2018, it was discovered that Defendant not only reinstalled a separate browser but continued to use that browser, and not Chrome, on at least four dates, contrary to the instructions provided by the monitoring software company.

On March 26, 2018, Defendant notified the Probation Office he had reset his cell phone—thus removing the monitoring software, and in violation of his computer monitoring agreement—after allowing a third party to possess his phone. This incident occurred after Defendant was warned on three prior occasions about having a third party access or possess his phone. On April 12, 2018, the Probation Office determined Defendant accessed his cell phone after resetting his cell phone.

On April 20, 2018, Defendant was informed his computer was in non-reporting status. On April 23, 2018, the Probation Office learned Defendant had continued to possess his unmonitored device even after being notified it was in non-reporting status. Defendant had failed to surrender the device to his grandmother, as previously directed and agreed upon.

Lastly, on April 23, 2018, Defendant was instructed to provide weekly job search logs. Defendant chose to submit these logs each Friday. The following Friday, however, Defendant failed to submit his employment log to the Probation Office.

## ANALYSIS

### I. LEGAL STANDARD

Revocation of supervised release requires the Court to find a violation by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). Upon finding the defendant violated one or more conditions of supervised release, the Court may: (1) revoke supervised release and impose a term of imprisonment equal to all or part of the supervised release term authorized by statute, without credit for time served; (2) extend the term of supervised release if less than the maximum authorized term was ordered; or (3) modify, reduce, or enlarge the conditions of supervised release. 18 U.S.C. § 3583(e). In considering what action to take upon a violation of supervised release, the Court considers, to the extent applicable: a) the nature and circumstances of the offense and the history and characteristics of the defendant; b) the need for adequate deterrence; c) the need to protect the public from further crimes of the defendant; d) the need to provide the defendant with training or treatment; e) the United States Sentencing Guidelines; f) pertinent policy statements issued by the United States Sentencing Commission; and g) the need to provide restitution to the victims. *See id.* §§ 3583(e), 3553(a).

The Defendant's underlying offenses involve conspiracies to commit wire fraud, access a protected computer without authorization, and access a government computer without authorization, in violations of 18 U.S.C. §§ 371and 1349. Conspiracy to commit wire fraud, the most serious of the offenses, is a Class C felony. *See* 18 U.S.C. §§ 1343, 1349, 3559(a)(3). Accordingly, if the Court determines Defendant has violated the terms of his supervised release, the Court has the option of revoking Defendant's supervision and imposing a term of imprisonment of up to two years. 18 U.S.C. §§ 3583(e)(3). If it does so, the Court may also impose an additional term of supervised release following the term of imprisonment. 18 U.S.C.

§ 3583(h). Because the maximum term of supervised release for the underlying conviction is three years, the maximum additional supervised release term the Court may impose upon revocation is three years, less any term of imprisonment imposed upon revocation or supervised release. *Id.*

As a general matter, a defendant's guidelines range under these statements is determined by looking at the defendant's criminal history at the time of sentencing for the underlying offense and the grade of violation the defendant committed. *See* U.S.S.G. § 7B1.4(a). Under the United States Sentencing Guidelines, Defendant's actions constitute Grade C violations. *Id.* § 7B1.1(a)(3). In light of such violations, and based on the Defendant's Criminal History Category of I at the time Defendant was sentenced for the underlying offenses, the Guidelines recommend a term of imprisonment of three to nine months. *Id.* § 7B1.4(a).

## II.     RECOMMENDATION

Within days of Defendant being released from prison he began to violate terms of his supervised release by failing to follow the instructions of the probation officer. This is a pattern that has continued for a number of months. Defendant has also violated, on multiple occasions, a special condition requiring him to comply with computer monitoring as administered and directed by the Probation Office. Defendant has received multiple verbal and written warnings reminding him of his obligation to comply with the terms of his supervised release.

Defendant is clearly gifted with computers and technology. It is because of both this gift and the fact that Defendant's underlying offenses involved access to a government and protected computer that Defendant's repeated failure to follow the directives of the Probation Officer are so concerning.

The volume and repeated pattern of Defendant's conduct, in addition to Defendant's consistent inability to take responsibility for his actions and seek to assign blame elsewhere, is also concerning.  Therefore, considering the nature and circumstances of Defendant's violations compared with Defendant's underlying conduct, the United States suggests a short period of incarceration is required for Defendant to understand he still has obligations to this Court.  The United States submits two weeks of incarceration is necessary, as well as an additional term of supervised release requiring Defendant to attend mental health treatment at the direction of the Probation Office.

Dated June 19, 2018                                                    Respectfully submitted,

                                                                                      G. Zachary Terwilliger
                                                                                      United States Attorney

                                              By:        /s/ Carlton Davis
                                                                                      Carlton Davis
                                                                                      Special Assistant United States Attorney
                                                                                      Thomas Traxler
                                                                                      Assistant United States Attorney
                                                                                      United States Attorney's Office
                                                                                      Eastern District of Virginia
                                                                                      2100 Jamieson Avenue
                                                                                      Alexandria, VA 22314
                                                                                      (703) 299-3700
                                                                                      carlton.j.davis@usdoj.gov
                                                                                      thomas.traxler@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2018, I filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing ("NEF") to the following counsel of record:

    Adam Michael Krischer
    Dennis & Stewart PLLC
    2045 N. 15th Street
    Arlington, VA 22201
    (703) 248-0626
    adam.krischer@gmail.com

By:   /s/ Carlton Davis
       Carlton Davis
       Special Assistant United States Attorney
       Thomas Traxler
       Assistant United States Attorney
       United States Attorney's Office
       Eastern District of Virginia
       2100 Jamieson Avenue
       Alexandria, VA 22314
       (703) 299-3700
       carlton.j.davis@usdoj.gov
       thomas.traxler@usdoj.gov